PER CURIAM.
Defendant-appellant appeals an adverse final judgment entered in favor of the plaintiff-appellee in the sum of $2,085 plus court costs and attorneys’ fees.
Plaintiff-appellee, Bennett Spector, drove to the beach, parked his car, closed the windows and locked both car doors. Upon returning to his automobile, he found the doors unlocked and discovered several items of personal property missing from the car. Thereafter, plaintiff .filed a proof of loss with the defendant-appellant, The Travelers Indemnity Company, which had issued to plaintiff a homeowner’s policy. Defendant denied coverage pursuant to the following exclusion provision:
“(b) property while in or on an unattended automobile, motorcycle or trailer, other than a public conveyance, unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment of which entry there are visible marks upon the exterior of said vehicle, provided a vehicle shall not be considered unattended when the insured is required to surrender the keys of said vehicle to a bailee.”
Thereupon, plaintiff Spector filed a complaint against the defendant insurer to recover damages for the lost articles. Defendant answered and alleged that the policy required visible marks of entry into the automobile in order for plaintiff to recover. Plaintiff then moved for summary judgment as to liability and appellant insurer filed an affidavit in opposition thereto. On November 9, 1973, the trial judge granted plaintiff’s motion for summary judgment as to liability and reserved ruling on the issue of damages. Plaintiff on December 5, 1973 moved for summary judgment as to damages which was granted by the trial judge who entered judgment in favor of plaintiff-appellee for the sum of $2,085 plus $650 as attorneys’ fees and $30 court costs. Defendant appeals therefrom.
Appellant argues that the language of paragraph (b) of the exclusion is clear and unequivocal in requiring that marks of forcible entry be on an unattended vehicle from which personal items have been stolen in order that such items be excepted therefrom.
If the language of an insurance contract is clear and unambiguous, there is no occasion for construction and the language will be accorded its natural meaning. 18 Fla. Jur.Insurance § 401 (1971).
We find the language of paragraph (b) of the exclusion to be clear and unambiguous. Section (b) clearly excludes coverage for loss of personal items which are in an unattended vehicle. However, it then goes on to except from this exclusion of coverage (1) loss as a result of forcible entry into a vehicle while all doors and windows thereof are locked, and (2) loss which is the result of forcible entry with visible marks into a full enclosed and locked compartment. Thus, we conclude that the requirement of visible marks upon the exteri- or of the vehicle refers to the locked luggage compartment.
Accordingly, the summary final judgment herein appealed is affirmed.
Affirmed.